UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

FAROUK ABUBAKAR,

        Petitioner,                      Case No. 1:26-cv-558

v.                                          Honorable Robert J. Jonker

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled combined petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.41.) Petitioner also asked the Court to order Respondents to show cause, within three days, why the petition should not be granted. (*Id.*)

In an order entered on February 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 26, 2026. (ECF No. 4.)

## II. Factual Background

Petitioner is a native and citizen of Ghana. (Pet., ECF No. 1, PageID.6; Notice to Appear (NTA), ECF No. 4-1, PageID.67.) Petitioner entered the United States on or about June 13, 2021, at an unknown location without inspection. (Pet., ECF No. 1, PageID.6; NTA, ECF No. 4-1, PageID.67.) That same day, Petitioner was encountered and arrested by a Border Patrol agent. (2021 I-213, ECF No. 4-2, PageID.72.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-1, PageID.67.) On August 17, 2021, DHS paroled Petitioner into the United States for a period of one year. (Interim Notice Authorizing Parole, ECF No. 4-3, PageID.75.)

On July 7, 2025, the Cleveland Immigration Court denied Petitioner's application for asylum and withholding of removal and ordered Petitioner removed to Ghana. (Jul. 2, 2025, Immigration Judge Order, ECF No. 4-4. PageID.77–80.) Petitioner appealed that decision. (Pet., ECF No. 1, PageID.15.)

On July 10, 2025, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.1.)

On February 6, 2026, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of his removal order. (Feb. 6, 2026, BIA Decision, ECF No. 4-5, PageID.84–86.) Petitioner filed the present petition on February 19, 2026. (*See* Pet., ECF No. 1.)

### III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.     Discussion

Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(1). Respondents counter Petitioner's arguments by arguing that Petitioner is not being detained under § 1225(b)(1) but is subject to a final order of removal and, therefore, subject to mandatory detention under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Here, the BIA affirmed the Cleveland Immigration Court's order of removal on February 6, 2026, thereby rendering the order of removal administratively final. As a result, Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   March 4, 2026  /s/ Robert J. Jonker
Robert J. Jonker
United States District Judge